UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HUDSON INSURANCE COMPANY,

        Plaintiff,                              Case No. 15-cv-12073

v.                                             Honorable Thomas L. Ludington

DURUSSEL INSURANCE AGENCY, INC., and
BLUE WATER AGRIBUSINESS LLC,

        Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT**

Plaintiff Hudson Insurance Company filed a complaint against Defendants DuRussel Insurance Agency, Inc. and Blue Water Agribusiness, LLC on June 8, 2015. ECF No. 1. Hudson alleges that DuRussel breached a "Multiple-Peril Crop Insurance Commission Schedule" contract between the two parties (Count I) and that both Defendants breached an "Advance Agreement and Contingent Installment Note" entered into between each Defendant and Hudson (Count II). Hudson moved for summary judgment on its claims on March 3, 2016.

**I.**

Hudson Insurance Company is an insurance company incorporated in Delaware. It is in the business of issuing crop insurance policies. DuRussel Insurance Agency is a Michigan corporation that operates as an insurance brokerage. It offers a variety of insurance products. One of the products it offers is crop insurance, some of which it has placed with Hudson. Blue Water Agribusiness is a Michigan limited liability company that is solely in the business of offering

crop insurance. Blue Water had a contract to place policies with Hudson but never wrote any insurance policies under that contract.

On October 27, 2011, Hudson and DuRussel entered into a "Multiple-Peril Crop Insurance Commission Schedule" ("2011 Agreement"). Pl.'s Mot. Summ. J, Ex. 1, ECF No. 30-2. The Agreement was "for DuRussel to sell crop insurance and place it with Hudson." *Id*. at 4. The Agreement provides for Hudson to pay commissions to DuRussel for placing crop insurance policies under the Agreement. The Agreement further provides that commissions may be paid by Hudson to DuRussel in advance: ". . . an Advance Commission of 50% of the Base Commission shall be paid for policies on which acreage reports are received timely." *Id*. at Ex. 1. Hudson paid the Advance Commissions to DuRussel on the basis of DuRussel's projected policy placement (both new and renewed policies) during the coming contract year. If DuRussel placed fewer policies than it projected when it received Advance Commissions, DuRussel was liable for the repayment of any overpaid Advance Commissions. *Id*. ("You are personally liable for any advances made to you and for any negative or debit balance in your account.").

On January 30, 2013, Hudson separately entered into an "Advance Agreement and Contingent Installment Note" ("2013 Agreements") with DuRussel and Blue Water. Def.'s Mot. Summ. J., Ex. 2–3, ECF No. 30-3–4. Like the 2011 Agreement, Hudson and DuRussel entered into the 2013 Agreement for the purpose of DuRussel placing crop insurance policies with Hudson. Also like the 2011 Agreement, there was a provision for advance commission payments: "from time to time during the Reinsurance Year ("RY"), [Hudson] may advance monies ("Advances") to Agency [(DuRussel or Blue Water)] in amounts which, in total, are intended to approximate Agency's commissions for the 2013 RY." *Id*. DuRussel and Blue Water had the sole discretion for determining the advances they received under the 2013 Agreements:

- 3 -

"[Hudson] is relying solely upon Agency's representations concerning Agency's anticipated premium volume with Insurer for the 2013 RY." *Id*. Within four months of the end of the relevant contract year, DuRussel and Blue Water had to provide Hudson with "a commission calculation" reflecting the commissions they were owed for policies actually placed that year.

Again, similar to the 2011 Agreement, the 2013 Agreements provide that any overpayment of commissions must be reimbursed by the agency: "In the event that such calculation results in Agency owing return of any part of Advances to [Hudson] ("Excess Advances"), Agency agrees to repay such Excess Advances to [Hudson]." Id. DuRussel and Blue Water had to repay the Excess Advances within 30 days of producing the "commission calculation" to Hudson that reflected the commission they were actually owed.

Under the 2011 Agreement and the 2013 Agreements, Hudson advanced DuRussel $1,090,000 in Advance Commissions. DuRussel did not place a sufficient number of policies to retain the entirety of the advance commissions. Accordingly, DuRussel owed repayment of a portion of those Advance Commissions to Hudson. The parties do not dispute that those payments were not made. DuRussel now owes Hudson $393,850.64 in unpaid Advance Commission reimbursements plus interest.

The parties agree that Hudson did not advance Blue Water any Advance Commissions during the relevant contract periods and that Blue Water did not place any insurance policies with Hudson. Hudson argues, however, that its separate 2013 Agreement with Blue Water makes Blue Water liable for Advance Commission overpayments made to DuRussel under DuRussel's separate 2013 Agreement.

**II.**

A motion for summary judgment should be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The focus must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251–52 (1986). The moving party has the initial burden of identifying where to look in the record for evidence "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party who must set out specific facts showing "a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted).

The Court must draw all reasonable inferences in favor of the non-movant when reviewing the evidence and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Entry of summary judgment is appropriate 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Walton v. Ford Motor Co.*, 424 F.3d 481, 485 (6th Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

### III.

Hudson argues that Defendants do not dispute the fact that they must refund overpaid commission advances or the fact that they did not refund the overpayments in the time set forth in the contracts. Defendants concede that DuRussel owes the amount stated by Hudson. Defendants argue however, that summary judgment should not be entered against DuRussel

because Hudson sought summary judgment against DuRussel and Blue Water together and since Blue Water is not liable to Hudson, summary judgment should be denied in its entirety. Additionally, Defendants argue that Blue Water received no commission advances from Hudson, so summary judgment is inappropriate. Hudson answers these arguments by explaining that partial summary judgment is valid relief and that this Court should pierce Blue Water's corporate veil.

**A.**

Hudson's arguments for summary judgment against DuRussel need not be exhaustively analyzed. DuRussel concedes that it must repay commission advances in excess of the commissions it was ultimately entitled to. It does not make any argument that Hudson is not entitled to these funds or that Hudson's figure of $393,850.64 plus costs and attorney fees is incorrect.

DuRussel makes one argument as to why Hudson's motion should be denied. It claims that since Hudson sought summary judgment against both DuRussel and Blue Water, its otherwise meritorious claim against just DuRussel cannot be sustained. This is a novel argument. DuRussel recognizes the arguments novelty and does not furnish any authority in support of the assertion.

Indeed, the claims as pled by Hudson belie DuRussel's assertion. Hudson pled two counts of breach of contract. Count I alleges that only DuRussel breached the "Commission Schedule Contract." Pl.'s Compl. 2, ECF No. 1. The damages from this claim amount to $60,472.24 in overpaid advance commissions. This count does not name Bluewater.

Count II alleges that DuRussel and Bluewater both breached the "Advance Agreement and Contingent Installment Note Contracts." Pl.'s Compl. 3, ECF No. 1. Hudson attached the

contracts at issue to both its complaint and its motion for summary judgment. Defendants also attached the contracts to their response. As Defendants note, DuRussel and Bluewater signed completely separate, albeit identical, contracts. On this basis Defendants argue that Bluewater is not liable to Hudson because it did not receive a single dollar in advance commissions under its agreement with Hudson. See Dep. Matthew DuRussel 19, Defs. Resp. Br., Ex. 5, ECF No. 33-6 (explaining that Blue Water did not receive any advance commissions from Hudson under its contract).

Defendants cannot credibly argue that Blue Water is not liable to Hudson because it signed a different contract but then argue that the liability of Blue Water and DuRussel must rise and fall together. In fact, there is not set of facts under which DuRussel can escape its admitted contractual liability. Either Blue Water is not liable because it signed a separate agreement, or it is jointly liable with DuRussel because it signed the same agreement. Neither circumstance provides DuRussel a shield from liability.

**B.**

The next important question is what, if any liability Blue Water has to Hudson. As discussed above, Defendants argue that Blue Water and DuRussel signed different agreements with Hudson and that Blue Water did not receive any commission advances under its agreement. Hudson claims that "[t]he intent in getting both companies to sign an Advance Agreement was to make both companies contractually obligated to repay Hudson's advances if commissions were short." Mot. Summ. J. 4, ECF No. 30. But the fact is that Blue Water signed an entirely separate agreement from DuRussel and there is no indication in the agreement that Blue Water is liable for any overpayments to DuRussel under DuRussel's Advance Agreement. Matthew DuRussel further testified that Blue Water did not receive any advance commissions from Hudson.

Hudson argues that even if Blue Water is not liable for overpayments to DuRussel on the basis of Blue Water's Advance Agreement with Hudson, this Court should pierce Blue Water's corporate veil and impose liability upon it. Hudson made this argument for the first time in its reply in support of its motion for summary judgment. For that reason, the argument is waived. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("[W]e have found issues to be waived when they are raised for the first time in motions requesting reconsideration or in replies to responses."). Thus, there is no predicate for holding Blue Water liable for DuRussel's admitted failure to repay advance commissions to Hudson. Hudson's motion for summary judgment will be denied as to Blue Water.

### IV.

Because DuRussel concedes that it owes the amount Hudson claims in overpaid advances and has no meritorious defense to Hudson's claim, summary judgment will be entered against DuRussel. Conversely, because Blue Water entered into a separate Advance Agreement with Hudson and was not paid any advance commissions under that agreement, summary judgment against it for breach of the agreement is inappropriate. Judgment against DuRussel will be withheld and will not be entered until Hudson's claims against Blue Water are resolved.

Accordingly, it is **ORDERED** that Plaintiff Hudson Insurance Company's Motion for Summary Judgment, ECF No. 30, is **GRANTED in part and DENIED in part**.

Dated: May 9, 2016  s/Thomas L. Ludington
  THOMAS L. LUDINGTON
  United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 9, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager

---